IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDREA PIANA,

    Plaintiff,

v.

ALAN F. DANIELS, et al.,

    Defendants.

CIVIL ACTION NO.
1:03-CV-2344-JEC

## ORDER AND OPINION

This case is presently before the Court on defendants' Motion for Temporary Restraining Order and to Vacate and Set Aside Default Judgment [92] and plaintiff's Motion for Leave to File Sur-Reply [96]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion for Temporary Restraining Order and to Vacate and Set Aside Default Judgment [92] should be **DENIED** and plaintiff's Motion for Leave to File Sur-Reply [96] should be **GRANTED**.

AO 72A
(Rev.8/82)

## **BACKGROUND**

Plaintiff filed this fraud action in August, 2003 to recover money he invested with defendants Daniels and the Daniels companies. (Compl. [1].) From the beginning, defendants proved difficult to serve in the action. (See Pl.'s Mot. for Service by Publication [40].) According to plaintiff, defendant Daniels attempted to avoid service of process by fleeing Georgia and evading service in California. (Id. at 2.) Following several unsuccessful attempts to serve Daniels, plaintiff filed a motion for service by publication. (Id.) After a hearing on plaintiff's motion, Daniels and the Daniels companies acknowledged and waived further service in the action. (Daniels' Acknowledgment of Service of Process [42]; Daniels Companies' Acknowledgment of Service of Process [45].)

In lieu of an Answer, defendants filed a partial motion to strike and dismiss the Complaint or, in the alternative, for a more definite statement of plaintiff's claims. (Defs.' Partial Mot. to Strike and to Dismiss [56].) Defendants argued in their motion that plaintiff's Complaint was a "shotgun pleading," which did not allege fraud with sufficient particularity and failed to state a claim. (Id.) Defendants did not raise any other specific defenses to plaintiff's claims. (Id.)

Before the Court ruled on defendants' motion, the parties informed the Court that they had reached a conditional settlement.

2

(Order [74].) To effectuate the settlement, the Court approved a consent order staying the proceedings while the parties finalized the settlement. (*Id.*) The Court denied all pending motions as moot, and administratively terminated the action without prejudice to plaintiff's right to reopen if settlement was not finalized by December 31, 2003. (*Id.*)

Under the terms of the parties' settlement agreement, defendants were to pay plaintiff $500,000.00 upon the closing of a pending real estate deal. (Pl.'s Mot. to Reactivate Case [75].) The deadline for payment was December 15, 2003. (*Id.*) Defendants failed to pay the settlement money by that date, and failed to provide plaintiff with requested documents to verify the bona fide nature of the real estate deal. (*Id.*) Consequently, plaintiff filed a motion to reactivate the case on December 19, 2003. (*Id.*)

When it became clear that defendants did not intend to abide by the terms of the settlement agreement, defendants' attorney filed a motion to withdraw from the case. (Mot. to Withdraw as Counsel [76].) In the motion, defendants' attorney verified that he had informed defendants of their obligation to hire other counsel or to continue their own preparation for trial. (*Id.*) Defendants' attorney also advised defendants that the Court would proceed to act upon plaintiff's motion to reactivate the case, and forwarded a copy of the motion to defendants with a service copy of the motion to

3

withdraw. (*Id.*) Defendants' attorney provided a California address to be used for providing notices to Daniels and the other defendants "until [Daniels] otherwise advises or until new counsel enters the case." (*Id.*)

The Court granted plaintiff's motion to reactivate the case and defendants' attorney's motion to withdraw on February 5, 2004. (Order [80].) In its Order granting those motions, the Court advised defendants that "[a] corporation/company is an artificial entity that cannot appear *pro se* and must be represented by counsel." (*Id.*) The Court instructed defendants to have new counsel make an appearance within twenty days. (*Id.*) The Court further advised both parties that they should re-file any outstanding motions. (*Id.*) The Order was served on defendants by certified mail at Daniels' address of record. (Certified Mail Receipt, attached to Order [80].)

Defendants did not obtain new counsel, re-file any motions, or otherwise respond to the Court's Order. Consequently, plaintiff filed a motion for default judgment on March 3, 2004. (Pl.'s Mot. for Entry of Default [81].) Plaintiff served the motion on defendants at Daniels' address of record. (*Id.* at 4.) Defendants failed to respond to the motion.

On March 29, 2004, plaintiff informed the Court by letter that defendants had failed to respond to the motion for default. (Pl.'s Response to Defs.' Mot. to Vacate and Set Aside Default J. ("Pl.'s

4

Resp.") at Ex. B.)  Plaintiff served this letter on defendants at Daniels' address of record.  (*Id.*)  Again, defendants did not respond.

While plaintiff's motion for default was pending, defendant Daniels filed a petition for Chapter 13 bankruptcy in November, 2004, in California.  (Pl.'s Mem. of Law in Supp. of Default J. Damages [87] at Ex. F.)  In his petition, Daniels failed to disclose plaintiff as a creditor, and failed to identify plaintiff's fraud action as a pending claim.  (*Id.*)  Daniels also used a different California address in his bankruptcy petition than he had provided to this Court as his address of record.  (*Id.*)  Plaintiff filed a formal objection with the bankruptcy court specifically warning that the *Piana* litigation had been reactivated.  (*Id.* at 6-7 and Ex. G.)  Plaintiff served the objection on the bankruptcy trustee, all creditors, and Daniels' bankruptcy counsel.  (*Id.*)  Defendants dismissed the bankruptcy petition five days later, but continued to ignore this action.

On January 11, 2005, nine months after plaintiff filed his motion for default and one month after Daniels terminated his bankruptcy case, the Court entered default against defendants and scheduled a hearing on damages.  (Order [85].)  The Court mailed its order to Daniels' address of record, and plaintiff mailed the order to the updated address listed in Daniels' bankruptcy papers.  (*Id.*;

5

Pl.'s Mem. of Law in Supp. of Default J. Damages [87] at Ex. I.) Plaintiff sent the order to Daniels' updated address by Federal Express, and received a proof of delivery printout indicating that the order had been delivered, signed for, and accepted on February 4, 2005. (*Id.*)

The default order scheduled a damages hearing for February 24, 2005, at 10:30 a.m. (Order [85].) Plaintiff appeared at the hearing and requested default damages in the amount of $1,136,783.36. (Pl.'s Mem. of Law in Supp. of Default J. Damages [87].) Plaintiff also submitted a memorandum of law and evidentiary support for the amount of damages requested. (*Id.*) Defendants did not appear at the hearing, did not file any opposition to plaintiff's memorandum, and did not otherwise oppose the entry of default judgment damages. After considering plaintiff's evidence at the damages hearing, the Court entered final judgment against defendants in the amount of $1,136,783.36. (Order [89].)

On October 17, 2005, over six months after the Court entered final judgment in this case, defendants filed a motion to vacate the judgment and for a temporary restraining order enjoining plaintiff's efforts to enforce the judgment. (Defs.' Mot. for Temporary Restraining Order and to Vacate and Set Aside Default J. ("Defs.' Mot. for TRO") [92].) In their motion, defendants argue that the default judgment should be vacated because they were not served in

this action and did not receive notice of the reinstatement of the case or any ensuing filings. (*Id.* at 2.) Defendants further contend that the default should be vacated because it was entered in spite of defendants' pending Rule 12 motion to dismiss, filed in lieu of an Answer. (*Id.*) Defendants' motion to vacate the judgment, and restrain plaintiff from enforcing it, is currently before the Court.

## DISCUSSION

### I. Plaintiff's Motion for Leave to File Sur-Reply

As a preliminary matter, plaintiff has filed a motion to submit a limited sur-reply. (Pl.'s Mot. for Leave to File Limited Sur-Reply [96].) Defendants' attorney made several representations in his initial motion that he discovered, upon further investigation into the case, were inaccurate. (*See* Defs.' Reply [95] at 3-5.) In attempting to correct these errors in the reply brief, defendants' attorney introduced new arguments. (*Id.*) The Court **GRANTS** plaintiff's motion to file a limited sur-reply to address these new arguments. The Court has considered the sur-reply in ruling on defendants' motion.

### II. Defendants' Motion to Vacate and Set Aside Default Judgment

Defendants move to vacate the default judgment against them pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Def.'s Mot. for TRO [92] at 13.) Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Defendants contend that they are entitled to relief under Rule 60(b)(1) and 60(b)(4).

In order to obtain relief under Rule 60(b)(1), defendants must make a threshold showing that: 1) they had a meritorious defense; and 2) granting the motion would not result in prejudice to plaintiff. *In re Worldwide Web Sys., Inc. v. Feltman*, 328 F.3d 1291, 1295 (11th Cir. 2003). They then must demonstrate that the default is the result of "mistake, inadvertence, or excusable neglect." *Id.* Defendants have not met either requirement.

To establish a meritorious defense, a defaulting party must "make an affirmative showing of a defense that is likely to be successful." *Id.* at 1296. Defendants claim that they have affirmative defenses, including lack of personal jurisdiction and expiration of the statute of limitations, that would permit them to prevail in this litigation. (Defs.' Mot. for TRO [92] at 16.) However, defendants have not presented any evidence in support of these defenses, and they failed to assert either defense in their original Rule 12 motion. (*Id.*; Defs.' Mot. to Strike or Dismiss [56].) Defendants have not raised any other defenses, or presented

8

any additional evidence or argument, that would permit the Court or the jury to find in their favor on plaintiff's claim.

Neither have defendants demonstrated that the default judgment resulted from "mistake, inadvertence, surprise or excusable neglect." (Defs.' Mot. for TRO [92] at 18.) Defendants' argument that their former counsel did not notify them of the Court's order reactivating the case, and that they "had no reason or way to know, other than through their former counsel, that the Court had acted on plaintiff's motion to reactivate," is unconvincing. (See id. at 19.) Defendants easily could have determined the status of their case by simply calling the clerk's office or checking the court's electronic filing system. Moreover, defendants' former counsel verified in his motion to withdraw, which he forwarded to defendants, that he had advised defendants of the pending motion to reactivate. Furthermore, the Court mailed a copy of the order reactivating the case to defendants' address of record. Defendants' failure to keep the Court abreast of an address where he could be reached, particularly given his past attempts to evade service by rendering himself unable to be located, cannot be considered "mistake, inadvertence, surprise, or excusable neglect."

Defendants' request for relief under Rule 60(b)(4) is also unavailing. Rule 60(b)(4) authorizes relief from a default judgment that is void. FED. R. CIV. P. 60(b)(4). Defendants contend that the

9

judgment is void, and violates due process, because they were never served. (Defs.' Mot. for TRO at 19-20.) Defendants were, without a doubt, difficult to serve in this case. (See Pl.'s Mot. for Service by Publication [40].) After plaintiff filed the action, defendant Daniels fled Georgia to evade service. (*Id.* at 5.) Faced with the prospect of service by publication, however, defendants ultimately acknowledged and waived further service. (Acknowledgment of Service of Process [42], [45], [48].) Defendants later confirmed that "[t]hese defendants have filed an Acknowledgment of Service through their counsel of record and accordingly plaintiff's motion is moot as to the issue of service by publication." (Defs.' Reply to Pl.'s Mot. for Expedited Disc. and Service by Publication [49].) Given defendants' acknowledgment and waiver of service, the default judgment does not violate due process, and is not void, because of any service issues.

Defendants also argue that the default judgment is void because plaintiff failed to comply with the notice requirements of Rule 55(b)(2) of the Federal Rules of Civil Procedure. Rule 55(b)(2) provides that:

> If [a] party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

FED. R. CIV. P. 55(b)(2). Plaintiff complied with Rule 55(b)(2) by

10

serving defendants with his application for default at defendant Daniels' record address. (Pl.'s Mot. for Entry of Default [81] at 4.) Daniels appeared in this action and provided a service address, upon which plaintiff was entitled to rely. It was not plaintiff's responsibility to track Daniels across the country to ensure that he in fact received all of the notices that plaintiff was required to send. In fact, plaintiff went beyond the requirements of Rule 55(b)(2) by informing defendant Daniels' bankruptcy counsel of the ongoing proceedings in this Court, and forwarding notices to an updated address that Daniels neglected to provide to the Court, but that plaintiff discovered when he learned about plaintiff's bankruptcy filings in California. (See Pl.'s Mem. of Law in Supp. of Default J. Damages [87] at Ex. I.)

Finally, defendants suggest that the default should be vacated on more general grounds because it was entered while defendants' original Rule 12 motion, which defendants filed in lieu of an Answer, was pending. (Defs.' Mot. for TRO at 10-11.) As an initial matter, defendants' Rule 12 motion was not pending when the Court entered default. The Court denied the motion as moot when the parties informed the Court that they had reached a settlement. (Order [74].) In its order reactivating the case after defendants failed to comply with the terms of the parties' settlement agreement, the Court specifically instructed the parties to refile any motions. (Order

11

[80].) Defendants failed to do so.

Moreover, and contrary to defendants' representation, their Rule 12 motion did not raise any specific substantive defenses to plaintiff's claim. (Defs.' Partial Mot. to Dismiss or Strike [56].) Defendants' motion primarily charged plaintiff with filing a "shotgun pleading" and requested a more definite statement of plaintiff's fraud claims. (*Id.*) As such, it does not constitute grounds for vacating the default judgment. *See Worldwide Web Sys.*, 328 F.3d at 1296-97.

### III. Defendants' Motion for a Preliminary Injunction

Defendants are only entitled to a preliminary injunction if they can show: 1) a substantial likelihood of success on the merits, 2) a substantial threat of irreparable injury if the injunction is not granted, 3) that the threatened injury to defendants outweighs the harm an injunction might cause plaintiff, and 4) that granting the injunction is not contrary to the public interest. *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001). "'[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establish[es]'" . . . "all four elements." *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001).

Defendants in this case have not established the essential first element, a substantial likelihood of success on the merits. In

12

support of their motion, defendants cite and incorporate by reference their original Rule 12 motion to dismiss plaintiff's complaint. (Defs.' Mot. for TRO at 7.) Defendants contend that they asserted defenses in their Rule 12 motion that demonstrate a substantial likelihood of success on plaintiff's underlying claim, including a personal jurisdiction and statute of limitations defense. (*Id.*) The Court has reviewed defendants' Rule 12 motion, which does not raise a personal jurisdiction or statute of limitations defense, but merely charges plaintiff with filing a "shotgun pleading" and requests that the Court strike plaintiff's complaint or require plaintiff to submit a more definite statement of his claims. (Defs.' Partial Mot. to Strike or Dismiss [56].) Defendants' Rule 12 motion does not demonstrate a substantial likelihood of success on the underlying claims in this action.

As discussed above, defendants have not shown that their default judgment should be vacated or set aside. Accordingly, plaintiff is entitled to continue his efforts to enforce the default judgment. Defendants' motion for a preliminary injunction restraining plaintiff from enforcing the judgment is therefore **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's Motion for Temporary Restraining Order and to Vacate and Set Aside Default Judgment [92] and **GRANTS** plaintiff's Motion to File Sur-Reply [96].

SO ORDERED, this 28 day of September, 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE